1

2

3

4

5

6

7

8              UNITED STATES BANKRUPTCY COURT

9                FOR THE DISTRICT OF OREGON

10   IN RE                              )        Bankruptcy Case
                                        )        No. 13-63091-fra7
11   DONALD CHARLES GIACCARINI,         )
                                        )        MEMORANDUM OPINION
12   _____Debtor.____)

13        Giovanina Giaccarini has filed a motion for relief from the automatic stay, permitting her to initiate

14   proceedings in the Circuit Court for Josephine County, Oregon, to enforce the property aspects of the

15   judgment dissolving her marriage to the Debtor [docket #39]. The Trustee's response simply states that this

16   Court should determine the respective rights and obligations of the parties [docket #45]. The motion for

17   relief from the automatic stay should be allowed, subject to certain conditions discussed herein.

18        At the time he filed his petition for relief in this case, the Debtor was the sole member of Empowering

19   Technology Assistance, LLC. It appears from exhibits attached to the motion for relief, and exhibits

20   submitted to the Court in a hearing regarding a claimed exemption [see docket #42] that Empowering

21   Technology Assistance, LLC, is a new name of Adaptive Technology Assistance, LLC.

22        Part 6 of Giovanina and Donald Giaccarini's Judgment of Dissolution provides that Adaptive

23   Technology Assistance, LLC, (whose members were the Giaccarinis and a Rachelle Steele) should be

24   dissolved, that the assets of the LLC be transferred to the Debtor, who would be solely responsible for the

25   LLC's debts. The Judgment states that "The [Circuit] Court shall reserve jurisdiction and oversight to

26   implement the above provisions."

Page 1 - MEMORANDUM OPINION

1    Giovanina Giaccarini now asserts that Debtor has not complied with the Judgment of Dissolution, and

2    seeks to enforce her rights in the Circuit Court.  She further alleges that the Trustee cannot claim any interest

3    in Empowering Technology Assistance, LLC, because he is bound by the terms of the Judgment of

4    Dissolution.

5    Debtor's interest in Empowerment Technology Assistance, LLC, is property of the estate.  11 U.S.C.

6    § 541.  It follows that, if Empowerment Technology Assistance, LLC, is the same entity as Adaptive

7    Technology Assistance, LLC, the Trustee has standing to contest Giovanina Giaccarini's claims with respect

8    to the asset.

9    Whether the Debtor complied with the terms of the Judgment of Dissolution, and what the interests of

10   the parties into the business may be, should be determined by the court which issued the Judgment.  The

11   automatic stay should be terminated to permit the moving party to initiate proceedings in the Circuit Court to

12   determine the rights and liabilities of the parties, including the Trustee.  An order will be entered by this

13   Court modifying the automatic stay, on the condition that the Trustee be joined in the contemplated

14   proceedings in the Circuit Court.[1]

FRANK R. ALLEY, III
Chief Bankruptcy Judge

---

[1]  The Court, after review of the motion and response, determined that the matter should be decided summarily.  Hearings presently set with respect to this matter will be removed from the calendar.

Page 2 - MEMORANDUM OPINION